SEALED

BENJAMIN B. WAGNER
United States Attorney
TODD PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766
Facsimile: (916) 554-2900

FILED

MAR 19 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONES ASSIGNED TELEPHONE NUMBERS: **928-328-0052, 951-445-8128, 562-243-2900** | 2:13-SW-0154 DAD<br><br>CASE NO. 2:13-SW-<br><br>ORDER<br><br>**UNDER SEAL** |

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following (1) the cellular telephone assigned telephone number: (928) 328-0052, Subscriber: "BOOST MOBILE," 3421 Pacific Pl, Long Beach, California, and in possession of an unidentified member of a drug trafficking organization, with service provided by Sprint/Nextel, hereinafter **(TELEPHONE #12)**; (2) the cellular telephone assigned telephone number: (562) 243-2900, Subscriber: "Christian Ramires," 439 Alamitos Ave, Long Beach, and in possession of an unidentified member of a drug trafficking organization, with service provided by Sprint, hereinafter **(TELEPHONE #13)**; (3) (951) 445-8128, Subscriber: "Esteban Mendoza," 4135 Chicago Ave, Riverside, and in possession of an unidentified member of a drug trafficking organization, with service provided by Sprint, hereinafter **(TELEPHONE #14)** (the "Requested Information"), for a period of thirty (30) days.

The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846,

1

1 among other offenses, as well as to the identification of individuals who are engaged in the commission
2 of these offenses. The Court also finds that there is reasonable cause to believe that providing
3 immediate notification of the execution of the warrant may seriously jeopardize an ongoing
4 investigation. Furthermore, the execution of this warrant will not result in the seizure of any tangible
5 property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that
6 the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly
7 authorized by 18 U.S.C. § 2703(c)(1)(A).

8     IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §
9 2703(c)(1)(A)that agents of DEA, beginning at any time within ten (10) days of the date of this Order
10 and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONE #12,**
11 **TELEPHONE #13, and TELEPHONE #14** with said authority to extend to any time of the day or
12 night as required, including when **TELEPHONE #12, TELEPHONE #13, and TELEPHONE #14**
13 leaves the Eastern District of California; all of said authority being expressly limited to ascertaining the
14 physical location of **TELEPHONE #12, TELEPHONE #13, and TELEPHONE #14**, and expressly
15 excluding the contents of any communications conducted by the user(s) of **TELEPHONE #12,**
16 **TELEPHONE #13, and TELEPHONE #14.**

17     It is further ORDERED that Sprint/Nextel, the service provider for **TELEPHONE #12,**
18 **TELEPHONE #13, and TELEPHONE #14**, assist agents of the DEA by providing all information,
19 facilities, and technical assistance needed to ascertain the Requested Information, including initiating a
20 signal to determine the location of the subject's mobile device on Sprint/Nextel's network (or any
21 networks it services or with which it has service contracts) or with such other reference points as may be
22 reasonably available and at such intervals and times as directed by the law enforcement agent serving
23 the order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and
24 with a minimum of interference with such services as Sprint/Nextel accords the user(s) of
25 **TELEPHONE #12, TELEPHONE #13, and TELEPHONE #14.**

26     It is further ORDERED that the DEA compensate Sprint/Nextel for reasonable expenses incurred
27 in complying with any such request.

28

1       It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in
2 support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in
3 order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety
4 of agents and others, except that copies of the Court's Order in full or redacted form may be maintained
5 by the United States Attorney's Office, and may be served on Special Agents and other investigative and
6 law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and
7 other government and contract personnel acting under the supervision of such investigative or law
8 enforcement officers, and Sprint/Nextel's necessary to effectuate the Court's Order.

9       It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days
10 after the termination of the monitoring period authorized by the warrant.

11       It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal
12 Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the
13 monitoring period authorized by the warrant or any extension thereof.

14       It is further ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not
15 disclose the Court's Order or the underlying investigation, until notice is given as provided above.

17 DATED: 3/19/13

                                                    HONORABLE DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE